* By the Chancellor.
I have given this subject due consideration, and whatever may have been the practice °£ the' Ecclesiastical Courts in England, I am perfectly sathatj frond the first settlement of this country,, the ^'ounty 6‘0Urts have always, at the instance of an executor *429 or administrator, or any party interested in his accoun' .made an ex parte order for the settlement thereof before Commissioners, without any summons to the parties concerned ; and such settlements, when made, have always been received, as prima facie evidence of the contents thereof. This has become the settled course of the country from long and. uninterrupted usage, and probably from this consideration, that the executor or administrator must prove the items in his account,, which the Commissioners are then bound to allow, unless a party being present, and interested in the settlement, can falsify any of them; but it is well known, by those who know any thing of the concerns in common life, that such settlements always take place in the neighbourhood of the parties, and that they generally do attend, and more especially if any dispute among them produced the order for the settlement; but whether they do or not is not material, as the decision of the Commissioners is not obligatory either way; and although the settlement, when made, is usually put of record as it should be, yet it may afterwards be questioned by any one interested therein, who may exhibit his bill in equity for that purpose, and who may be allowed to surcharge and falsify the same ; and in no instance (as far as I am informed) have such settlements been considered as more valid, because notice thereof had been given to the parties concerned, unless where a suit for that purpose was instituted ; and then the subject of controversy, as well as the parties, being known, notice of the settlement should be given, in order to put an end to the contest.
I understand from the Chief Justice, that in the Federal Court of this place, such settlements are always admitted as prima facie evidence ; and such seems to be the opinion of Judge Tucker, in the case of Anderson and Starke v. Fox and others, 2 Hen. and Munf. 260. air though the question was not decided by the Court, in that case, as necessary to the merits of the cause ; nay, *430 a practice so long pursued without any change in it, affords to my mind thé best evidence of its utility ; for, monstrous would be that ride, which should require executors dr administrators to preserve, at their own peril, thé lodse^vouchers of their transactions, which defive no additional validity from being thrown into the form of an account. They were subject at first to be falsified, and so is tbe account formed out of them likewise subject to be surcharged and falsified. Upon this view of the subject, the Court gave this direction to tbe Commissioner: that the settled accounts of executors or administrators* by order of the County Courts, should be taken z$ prima facie evidence of the several debts and credits' therein, subject to be surcharged and falsified by any person who may be affected thereby.